**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**FRED MOSBY,** *et al.*                                                                     **PLAINTIFFS**

**v.**                                          **5:07CV00314-WRW**

**INTERNATIONAL PAPER CO., INC.**                                          **DEFENDANT**

## ORDER

Pending is Defendant's Motion to Dismiss, or, in the Alternative, Motion for More

Definite Statement (Doc. No. 3). Plaintiffs have responded (Doc. No. 5), and Defendant has

replied (Doc. No. 11). Also pending is Plaintiffs' Motion for Order Certifying Issue (Doc. No.

14) to the Arkansas Supreme Court. Defendant has responded (Doc. No. 18). For the reasons set

out below, Defendant's Motion (Doc. No. 3) is GRANTED in part and DENIED in part.

Plaintiffs' Motion to Certify (Doc. No. 14) is DENIED.

## I. DEFENDANT'S MOTION TO DISMISS or MOTION FOR MORE DEFINITE STATEMENT

A. <u>Breach of Contract</u>

"When performance of a duty under a contract is due any non-performance is a breach."[1]

Under Arkansas law, all contracts have an implied duty of good faith and fair dealing.[2]

"In order to state a cause of action for breach of contract, 'the complaint need only assert

the existence of a valid and enforceable contract between the plaintiff and defendant, the

---

[1] Restatement (Second) of Contracts § 235(2).

[2] *Cantrell-Waind & Assocs. v. Guillaume Motorsports*, 62 Ark. App. 66, 72 (1998).

1

obligation of defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from the breach."[3]

A court may dismiss a claim under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[4]  In considering a motion under Rule 12(b)(6), the Court assumes the facts in the complaint are true.[5]

Plaintiffs' complaint asserts the existence of a contract.[6] The Complaint appears to set out that Defendant was obligated under the contract to act under the implied duty of good faith and fair dealing.[7] Plaintiffs appear to base the breach of contract count on the breach of implied duty of good faith and fair dealing, in particular that Defendant discriminated against him based on race.[8] Plaintiffs Complaint also asserts damages.[9] The Complaint contains enough information to withstand Defendant's Motion to Dismiss.

Federal Rule of Civil Procedure 12(e) allows a motion for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[10] Motions for a more definite

---

[3]*Perry v. Baptist Health*, 358 Ark. 238, 244 (2004) (citing *Rabalaias v. Barnett*, 284 Ark. 527, 528-29 (1985)).

[4]*Reis v. Walker*, 491 F.3d 868, 870 (8th Cir. 2007) (citation omitted).

[5]*Koehler v. Rody*, 483 F.3d 590, 596 (8th Cir. 2007).

[6]Doc. No. 2.

[7]Doc. No. 2.

[8]Doc. No. 2.

[9]Doc. No. 2.

[10]Fed. R. Civ. P. 12(e).

statement are not favored, and "[w]here information sought by the party moving for a more definite statement is available or properly sought through discovery, the motion should be denied." [11]

In connection with its Motion for a More Definite Statement, Defendant asserts that Plaintiffs do not identify when Defendant allegedly breached the contract.[12] Defendant points out that the applicable statute of limitations in contract cases is five years, so any violations of contract alleged outside of the five year period are no longer actionable.[13] But, Defendant can raise this as an affirmative defense. And, while it is not entirely clear from the Complaint how Defendant allegedly breached the implied duty of good faith and fair dealing in the performance and enforcement of the contract, this information is also available through discovery.

Because the Complaint passes notice pleading standards, and because Defendant can obtain further information through discovery, the Motion for a More Definite Statement in connection with the breach of contract claim is DENIED; but the Complaint contains eight skeletal paragraphs of facts (seven of which are one sentence long) written by counsel, supplemented by a seven-page, single-space "chronology of events," written by Mr. Mosby. The chronology added much unnecessary information to the Complaint. It seems to me that the addition of the chronology rendered the Complaint something of a quasi *pro se* pleading. Accordingly, Plaintiff's counsel is directed to submit an amended and substituted complaint by 5:00 p.m. on Monday, July 14, 2008. This may, in effect, give Defendant the relief sought in

---

[11]*Eastman v. County of Sheridan*, No. 7:07CV5004, 2007 U.S. Dist. Lexis 45307, at *13 (D. Neb., June 21, 2007).

[12]Doc. No. 4.

[13]Doc. No. 4.

asking for a more definite statement.

B. <u>The ADTPA</u>

The  Arkansas Deceptive Trade Practices Act[14] (the "ADTPA") focuses on consumer

protection in connection with trade practices.[15] The Preamble to the ADTPA reads:

> Whereas, the public health, welfare, and interest require a strong and effective
> consumer protection program to protect the interests of both the consumer public and
> the legitimate business community; and [w]hereas, a Consumer Protection Division
> of the Attorney General's Office is needed to coordinate the consumer by various
> State and Local Agencies, together with private organizations; for the purpose of
> developing and providing preventative and remedial programs affecting the interest
> of the consumer public . . . ."

According to Webster's Dictionary, consumer means a buyer of goods or services.[16]

Cases brought under the ADTPA have, so far, involved issues that directly touch either

the actual consumer or a potential consumer.[17] I am not aware of any case where, as here, the

plaintiff provides services and the defendant purchases those services. Applying the ADTPA in a

situation where the provider of services, rather than the consumer, was allegedly injured seems

out of line with both the ADTPA's purpose, and case law under the ADTPA. Because the

ADTPA was enacted to protect consumers, the facts alleged under Plaintiffs' ADTPA cause of

action do not appear to be of the type that give rise to a cause of action under that Act. In

connection with the ADTPA, Plaintiffs have failed to state a cause of action upon which relief

---

[14]Ark. Code Ann. §§ 4-88-101 to 4-88-503.

[15]See *id.*

[16]WEBSTER'S II DICTIONARY 152 (Revised Edition 2006).

[17]See *Anderson v. Stewart*, 366 Ark. 203 (2006); *Wallis v. Ford Motor Co.*, 362 Ark. 317 (2006); *FMC Corp. v. Helton*, 360 Ark. 465 (2006); *Thomas v. Olson*, 364 Ark. 444 (2005); *Jim Ray, Inc. v. Williams*, 99 Ark. App. 315 (2007); *ChartOne, Inc. v. Raglon*, No. 07-940, 2008 Ark. Lexis 278 (Ark., Apr. 24, 2008).

can be granted. Further, Plaintiffs concede this point.[18] Accordingly, Defendant's Motion to Dismiss is GRANTED in connection with this claim.

### C. 42 U.S.C. § 1981

Again, a court may dismiss a claim under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[19]  In considering a motion under Rule 12(b)(6), the Court assumes the facts in the complaint are true.[20]

Defendant argues that Plaintiffs alleged neither discriminatory intent on Defendant's part, nor that Defendant paid Plaintiffs differently because of a discriminatory policy or procedure. The Complaint contains enough facts to put Defendant on notice, and I cannot say at this earlier stage and based on the information in the Complaint that no relief could be granted. Therefore, Defendant's Motion is DENIED in connection with Plaintiffs' 42 U.S.C. § 1981 claim.

### D. The ACRA

Defendant argues Plaintiffs' ACRA claim should be dismissed, because a private company cannot be held liable under the ACRA on the theory of *respondeat superior*. In *Jones v. Huckabee*, the Arkansas Supreme Court "conclude[d] that the doctrine of *respondeat superior* is not a basis for liability under the Arkansas Civil Rights Act of 1993 . . . ." That case, however, involved claims under Ark. Code Ann.§ 16-123-105.

In Plaintiffs' response to Defendant's Motion, Plaintiffs point out that they bring their

---

[18]Doc. No. 5.

[19]*Reis v. Walker*, 491 F.3d 868, 870 (8th Cir. 2007) (citation omitted).

[20]*Koehler v. Rody*, 483 F.3d 590, 596 (8th Cir. 2007).

5

action under Ark. Code Ann. §§ 16-123-106 and 16-123-107(a)(4).[21] Section 16-123-106 creates

a cause of action for hate offenses, and § 16-123-107(a)(4) provides that an otherwise qualified

person will be free from discrimination based on race in connection with "[t]he right to engage in

credit and other contractual transactions without discrimination."[22] "Such transactions include

purchases on credit at retail stores and related establishments as well as other types of

contractual agreements, including franchise agreements, sales contracts, and employment

contracts."[23]

The ACRA reads, in part: "When construing this section, a court may look for guidance

to state and federal decisions interpreting the federal Civil Rights Act of 1871, as amended and

codified in 42 U.S.C. § 1983 . . . ."[24] Courts have also looked to other federal legislation, and

cases interpreting that legislation, for guidance in deciding ACRA cases. In *Island v. Buena*

*Vista Resort*, the Arkansas Supreme Court looked to Title VII and cases interpreting Title VII

"for guidance on sexual-harassment claims brought pursuant to the Arkansas Civil Rights Act."[25]

It is a violation of federal law to discrimination in the "making, performance,

modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms,

---

[21]Doc. No. 6.

[22]Ark. Code Ann. § 16-123-107(a)(4).

[23]Theresa M. Beiner, AN OVERVIEW OF THE ARKANSAS CIVIL RIGHTS ACT OF 1993, 50 Ark. L. Rev. 165, 186-87 (1997).

[24]Ark Code Ann. 16-123-104(c).

[25]352 Ark. 548, 557 (2003) (recognizing an Eighth Circuit case that noted "claims premised under the Arkansas Civil Rights Act of 1993 are analyzed in the same manner as Title VII claims") (internal citation omitted).

and conditions of the contractual relationship."[26] The Arkansas Code provides that an otherwise qualified person will be free from discrimination based on race in connection with "[t]he right to engage in credit and other contractual transactions without discrimination."[27] It seems to me that claims brought under Ark. Code Ann. § 16-123-107(a)(4) should be analyzed in the same manner as claims brought under 42 U.S.C. § 1981. Under 42 U.S.C. § 1981, liability may be based on *respondeat superior*.[28] Accordingly, Defendant's Motion is DENIED in connection with Plaintiffs' ACRA claim.

## II. Plaintiffs' Motion to Certify

The Arkansas Supreme Court may answer questions of law certified to it by federal courts if, in the federal court proceedings, there is a question of Arkansas law that "may be determinative of the cause then pending in the certifying court and as to which it appears . . . there is no controlling precedent in decisions of the Supreme Court."[29]

Plaintiffs filed a Motion for Certification asking the Court to certify to the Arkansas Supreme Court the question of which statue of limitations applies in non-employment ACRA cases. Plaintiff's Complaint does not specify when Defendant allegedly violated the ACRA. After discovery, the date(s) of the alleged violations should be clear.

Because there is nothing in the record that indicates that this issue may be determinative of this case, Plaintiffs' Motion is DENIED.

---

[26]42 U.S.C. § 1981(b).

[27]Ark. Code Ann. § 16-123-107(a)(4).

[28]See *Green v. Dillard's, Inc*., 483 F.3d 533, 540 (2007)

[29]Arkansas Supreme Court Rule 6-8.

7

**III. CONCLUSION**

Defendant's Motion (Doc. No. 3) is DENIED in connection with the breach of contract, 42 U.S.C. § 1981, and ACRA claims, and GRANTED in connection with Plaintiffs' ADTPA claim. Plaintiffs' ADTPA claim is DISMISSED.

Plaintiffs' Motion to Certify (Doc. No. 14) is DENIED.

IT IS SO ORDERED this 1st day of July, 2008.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE